Gkeen, J.
delivered the opinion of the court.
There is no question, but that in England a fi,. fa. issued after the death of a party, but tested before his death, would bind his goods. Waghorne vs. Langmead, 1 Bos. & Pull, 571.
In this State, the same doctrine has been held. In Preston vs. Surgoine, Peck’s Rep, 80, a majority of the court, against the opinion of Judge White, decided, that a fi.fa. issued after the death, upon a judgment rendered' previous thereto, would relate to the teste and bind the goods. This decision has been followed ever since. 1 Yerg. Rep. 291; 7 Yerg. Rep. 529; 9 Yerg. Rep. 442.
The question here is, whether the act of 1833, ch. 36, sec.^, 6, affects this case. That act (Car. & Nich. 395,) provides, “that no action brought, judgments, bills single, or notes of hand shall have precedence over unliquidated accounts,” &c. “but that all such claims be acted upon as beiug of equal grade.”
This act only intended to abolish the preference which existed at common law, and which the act of 1786, ch. 4, séc. 2 (Car. & Nich. 73,) defined and regulated; by which “debts due by bills, bonds, and promissory notes, and settled and liquidat *369 ed accounts signed by the debtors,” were declared to be of equal dignity.
But the act of 1833 declares, that neither the debts specified in the act of 1786, nor judgments, nor actions brought, shall have precedence over unliquidated accounts. Thus all distinction, as to the mere dignity of debts, is done away; but the lien acquired by an execution is not affected.
¡jíuch a case is not within the letter of the act of 1833; execution not being mentioned in the act, nor is it within its spirit. These execution creditors, therefore, have a preference over other creditors.